CURTIS DICKERSON ET AL. *v.* PAUL L. MORTON ET AL.

[No. 171S15. Filed September 6, 1972.]

*James L. Goodwin,* of Lebanon, for appellant.

*Parr, Richey, Obremskey, Pedersen & Morton,* of Lebanon, for appellants.

GIVAN, J.—Appellant brought an action for himself individually and for and on behalf of all members of the Boone County Rural Electric Membership Corporation seeking a declaratory judgment to declare Chapter 117 of the Acts of 1969 General Assembly unconstitutional. It is appellant's position that the 1969 General Assembly in amending one of the sections in question inadvertently omitted a proviso authorizing the board of directors of the REMC to execute and deliver security for a loan from the United States of America without authorization from the membership. He further contends that a proviso limiting to 5% the interest which the REMC could pay on a loan was also omitted by the 1969 General Assembly.

It is appellant's position that the title of the 1969 Act was not broad enough to cover the matters dealt with by the above omissions.

In the trial court the parties entered into a stipulation that the Act as eventually passed by the 1969 General Assembly did not reflect the intent of either the proponents or opponents of such legislation. The trial court entered findings of fact and conclusions of law that § 1, Ch. 117 of the Acts of 1969 is void and unconstitutional to the extent that it purports to remove the proviso giving the directors the right to mortgage the property of the REMC to the United States government without authorization by the members for the reason that such subject is not embraced in the title to the Act, and further that § 2 of Ch. 117 of the Acts of 1969 is void and unconstitutional to the extent that it purports to permit Rural Electric Membership Corporations to borrow money at rates exceeding 5% per annum for the reason that such subject is not embraced in the title to the Act. The court further held that the prior law containing both of the above provisions remained in full force and effect.

Following the decision of the trial court, the 1971 General Assembly met and passed Public Law No. 83, being BURNS' IND STAT. ANN., 1972 Supp., §§ 55-4412 and 55-4413, which sections read as follows:

"No corporation may sell, lease, exchange, mortgage, pledge or otherwise dispose of all, or substantially all, the property of the corporation unless (a) the same shall be authorized by a resolution duly adopted at a meeting of its members duly called and held as provided in section eight [55-4408] of this chapter, which resolution shall have received the affirmative vote of at least one-fifth [1/5] of all its members and unless (b) the same shall be approved by the public service commission: Provided, however, That the board of directors of a corporation shall have full power and authority, without authorization by the members thereof, to authorize the execution and delivery of a mortgage, or mortgages, or a deed or deeds of trust of, or the pledging or encumbering of, any of or all the property, assets, rights, privileges, licenses, franchises and permits of the corporation, whether acquired or to be acquired and wherever situated, as well as the revenues therefrom, for the purpose of financing the construction or maintenance of the corporations' distribution system and for general plant as defined in the uniform system of accounts prescribed by the public service commission, all upon such terms and conditions as the board of directors shall determine, to secure any indebtedness of the corporation to the United States of America or any agency or instrumentality thereof or to any financial institution, which action of the board of directors shall be subject to the approval of the public service commission. [Acts 1935, ch. 175, § 12, p. 838; 1937, ch. 258, § 8, p. 1217; 1953, ch. 47, § 1, p. 152; 1969, ch. 117, § 1, p. 263; 1971, P. L. 83, § 1, p. 405.]"

"Subject to the approval of the public service commission a corporation formed hereunder shall have power and is hereby authorized, from time to time, to issue its obligations in anticipation of its revenues for any corporate purpose. Said obligations may be authorized by resolution or resolutions of the board and may bear such date or dates, mature at such time or times, not exceeding forty [40] years from their respective dates, bear interest payable semi-annually at such rate or rates, be in such denominations, be in such form, either coupon or registered, carry such registration privileges, be executed in such manner, be payable in such medium of payment, at such place or places, and be subject

to such terms of redemption, not exceeding par and accrued interest, as such resolution or resolutions may provide. Such obligations may be sold in such manner and upon such terms as the board may determine, at not less than par and accrued interest. Any provision of law to the contrary notwithstanding, any obligations and the interest coupon appertaining thereto, if any, issued pursuant to this chapter [§§ 55-4401—55-4426], shall possess all of the qualities of negotiable instruments."

"Notwithstanding any provisions of this chapter, the public service commission's approval shall not be required for the issuance by a corporation of its obligations, notes or other evidences of indebtedness when (1) the amount involved as the result of such issuance does not exceed two hundred thousand dollars [$200,000] or ten per cent [10%] of the corporation's utility plant in service, whichever is greater, and (2) the funds so raised as the result of such issuance are to be used for the construction or maintenance of the corporation's distribution system and for general plant as defined in the uniform system of accounts prescribed by the public service commission. [Acts 1935, ch. 175, § 13, p. 838; 1969, ch. 117, § 2, p. 263; 1971, P. L. 83, § 2, p. 405.]"

It is obvious from an examination of these sections that the problem propounded to the trial court in this case was submitted to the 1971 General Assembly and the proviso authorizing the mortgaging of property to the United States of America without membership approval was reinstated in the law. It is also quite apparent that the question of 5% limitation on interest to be paid on loans by REMC's was considered and rejected by the General Assembly. Thus, the legislative intent becomes quite clear on both issues.

We, therefore, hold that the existing law is now as stated in Public Law 83 of the 1971 General Assembly. The judgment of the trial court is now moot and of no force and effect as far as this action for declaratory judgment is concerned.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

# ORDER

A petition for leave to file brief amici curiae has been filed by Indiana & Michigan Electric Company, Indianapolis Power & Light Company, Northern Indiana Public Service Company, Public Service Company of Indiana, Inc., and Southern Indiana Gas and Electric Company. An examination of the briefs and record in this case indicates that this is a matter solely between the members of the Boone County Rural Electric Membership Corporation and said corporation. The questions raised in this case, although undoubtedly of interest to the petitioners, do not involve them directly.

Their petition is therefore, denied this 29th day of August, 1972.

Arterburn, Chief Justice.

NOTE.—Reported in 286 N. E. 2d 654.